UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ALMA HERNANDEZ-PRECIADO,

    Petitioner,

v.                                  Case No. 4:17cv477-MW-CJK

CRAIG E. COIL, Warden,
FCI-Tallahassee,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

    Before the court is Alma Hernandez-Preciado's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (Doc. 1). The government moved to dismiss the petition (doc. 12) and petitioner filed a response (doc. 15). The matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After reviewing the parties' submissions, the undersigned concludes the government's motion should be granted, and the petition should be dismissed for lack of jurisdiction.

### BACKGROUND AND PROCEDURAL HISTORY

    Petitioner is currently confined at the Federal Correctional Institution in Tallahassee, Florida. A jury convicted her of one count of conspiring with others,

including persons who were on board a vessel subject to the jurisdiction of the United States, to possess five kilograms or more of cocaine with the intent to distribute it, and one count of aiding and abetting a person who was on board a vessel subject to the jurisdiction of the United States in possession of five kilograms or more of cocaine with the intent to distribute it. She received a 360-month sentence, and the Eleventh Circuit affirmed the conviction and sentence on direct appeal. *See United States v. Hernandez-Preciado*, 610 F. App'x 831 (11th Cir. 2015). Petitioner then filed a § 2255 motion to vacate. The motion was denied, and both the district court and the Eleventh Circuit declined to issue a certificate of appealability.

In October 2017, petitioner filed the instant habeas corpus petition. She argues her "conviction [was] obtained by action of a grand jury or petit jury which was unconstitutionally selected, impaneled, or tainted by third party instruction." (Doc. 1, p. 3). She says otherwise eligible individuals were excluded from jury service solely because of their ancestry or national origin in violation of the Fourteenth Amendment. Petitioner also argues: (1) the statutes under which she was convicted are unconstitutional; (2) the sentencing guidelines applied in her case violated the *ex post facto* clause of the Constitution; (3) "the trial court erred by not invoking the correct jurisdiction"; (4) she was denied the effective assistance of counsel; and (5) the evidence was insufficient to support her convictions. As relief, she requests that she be released from federal custody.

## DISCUSSION

"Typically, collateral attacks on the validity of a federal sentence must be brought under [28 U.S.C.] § 2255." *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005); *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) ("Since 1948, Congress has required that a federal prisoner file a motion to vacate, 28 U.S.C. § 2255, instead of a petition for a writ of habeas corpus, *id.* § 2241, to collaterally attack the legality of [her] sentence."). "A motion to vacate allows a prisoner to contest [her] sentence 'upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.'" *McCarthan*, 851 F.3d at 1081 (*quoting* 28 U.S.C. § 2255(a)). The "saving clause" of § 2255 permits a federal prisoner to file a habeas petition under 28 U.S.C. § 2241 if she establishes the remedy provided under § 2255 is inadequate or ineffective to test the legality of her detention. 28 U.S.C. § 2255(e); *see also McCarthan*, 851 F.3d at 1081.

In *McCarthan*, the Eleventh Circuit overruled prior circuit precedent and established a new test for determining when a prisoner can proceed under § 2241. 851 F.3d at 1082. The court held: "A motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular

kind of claim." *Id.* at 1099; *see also id.* at 1089 ("When a prisoner's motion attacks [her] sentence based on a cognizable claim that can be brought in the correct venue, the remedy by motion is adequate and effective to test his claim."). The new *McCarthan* test has been summarized as follows:

> [W]e determined [in *McCarthan*] that the only relevant consideration is whether the prisoner would have been permitted to bring that type of claim in a § 2255 motion. If so, the § 2255 remedy is adequate and effective, even if the specific claim would have been foreclosed by circuit precedent or otherwise subject to some procedural bar or time limitation. A § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention under the saving clause only in limited circumstances. Those circumstances include: (1) when raising claims challenging the execution of the sentence, such as the deprivation of good-time credits or parole determinations; (2) when the sentencing court is unavailable, such as when the sentencing court itself has been dissolved; or (3) when practical considerations, such as multiple sentencing courts, might prevent a petitioner from filing a motion to vacate.

*Bernard v. FCC Coleman Warden*, 686 F. App'x 730, 730-31 (11th Cir. 2017) (*citing McCarthan*, 851 F.3d at 1085-93).

Petitioner does not satisfy the *McCarthan* test for proceeding under the saving clause. All her claims could have been raised in a motion to vacate, and, in fact, are classic § 2255-type claims. *See McCarthan*, 851 F.3d at 1099 ("Even if a prisoner's claim fails under circuit precedent, a motion to vacate remains an adequate and effective remedy for a prisoner to raise the claim and attempt to persuade the court to change its precedent, and failing that, to seek certiorari in the Supreme Court."); *Donaldson v. Warden, FCI Coleman Medium*, 691 F. App'x 602, 603 (11th Cir.

2017) ("[A]ny 'cognizable claim' that could have been brought under § 2255, even if circuit precedent or a procedural bar would have foreclosed the claim, cannot be brought under § 2241 in this circuit after *McCarthan*.") (*citing McCarthan*, 851 F.3d at 1086-90). Because the claims raised in this § 2241 petition could have been brought in a motion to vacate under § 2255, petitioner cannot show the motion was inadequate or ineffective to test the legality of her detention. Petitioner's failure to satisfy the saving clause requires dismissal of this case.*

Accordingly, it is respectfully RECOMMENDED:

1. That the government's motion to dismiss (doc. 12) be GRANTED, and the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1) be DISMISSED for lack of jurisdiction, as petitioner has not demonstrated entitlement to proceed under § 2241.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 9th day of May, 2018.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

* Petitioner's response to the motion to dismiss does not refute, or even address, the government's arguments regarding the saving clause. (Doc. 15).

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.